UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CURTIS BRIDGES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4444** |
| **MARLIN GUSMAN; STATE OF LOUISIANA; ORLEANS PARISH POLICE JURY; AZSY INSURANCE COMPANY; AND JOHN AND/OR JOAN DOE** | **SECTION "N"(4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion for Judgment on the Pleadings (Rec. Doc. No. 8)** filed by the defendant, Orleans Parish Criminal Sheriff Marlin N. Gusman and a **Motion for Appointment of Counsel (Rec. Doc. No. 12)** filed by the plaintiff Curtis Bridges who seeks to appoint counsel to assist him with this case. The motions, along with the entire case, were referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Summary**

The plaintiff, Curtis Bridges ("Bridges"), is incarcerated in the Allen Correctional Center ("Allen") in Kinder, Louisiana. Bridges filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the State of Louisiana, Orleans Parish Police Jury, an unidentified insurance company, and other parties.

Bridges alleges that he was incarcerated in a cell in the Templeman Jail, Phase III, within the Orleans Parish Prison system ("OPP") at the time of the events that form the basis of this lawsuit. Bridges seeks monetary damages for the alleged untimely evacuation and unsafe conditions of confinement as a result of Sheriff Gusman's negligence during Hurricane Katrina.

The plaintiff alleges that, on August 29, 2005, he was a convicted prisoner housed in Templeman III. He complains that, although Gusman and his deputies knew that Hurricane Katrina was approaching, they failed to evacuate the prisoners. He states that he remained in the jail until the late afternoon of August 31, 2005. He claims that he was "herded" out of the unit into deep water and then loaded into a boat. He further claims that he was then transported to the Broad Street bridge, where he remained overnight.

Bridges alleges that he was transported on August 31, 2005 to the Elayn Hunt Correctional Center ("Hunt"), where he was left in a field to spend the night. He claims that, while at Hunt, he was given only a blanket and he had to sleep on the ground in the cold and rain with mosquitoes biting him all night. He was also "thrown a sack lunch across the fence" which contained two sandwiches.

Bridges next alleges that, on September 1, 2005, he was transported from Hunt to the East Carroll Detention Center in Lake Providence, Louisiana. There, he was provided with clean clothes,

a bath, and his first hot meal since before Hurricane Katrina.  He alleges that he remained in Lake Providence until December 13, 2005, when he was transferred to the Forcht-Wade Correctional Center in Keithville, Louisiana.  On January 9, 2006, he was sent to the Allen Correctional Center where he remains housed.

Bridges further complains that before his evacuation from OPP, he had no skin problems. He alleges, however, that after wading through the tainted water, he developed rashes and sores on his feet and skin.  He complains that he requested medical attention at the other facilities but was denied.  He also claims that he experienced unbearable pain from the sores.  As a result of these experiences, Bridges seeks monetary compensation for his pain and suffering from reoccurring "nightmares" and emotional distress as a result of the loss of family photographs.

Sheriff Gusman filed a Motion for Judgment on the Pleadings seeking dismissal of the claims against him contending that Bridges fails to allege that the Sheriff was involved in the circumstances about which he complains.  The Court also must conduct its statutory review for frivolousness.

## II.     Standards of Review

### A.     Frivolousness Review

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**B.**     **Review of Motion for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard for addressing a Rule 12(c) motion is the same as that used for deciding motions to dismiss pursuant to Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1368 at 591).

Thus, a motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Trust Co.*, 313 F.3d at 313 (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990)). The query

for the Court is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir.2000)).

The Court can dismiss a claim under Fed. R. Civ. P. 12(c) when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)). In considering the motion, the pleadings should be construed liberally and judgment on the pleadings granted only if there are no disputed issues of fact and only questions of law remain. *Hughes*, 278 F.3d at 420 (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.1998)). "In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996)).

The Court will not, however, accept as true conclusory allegations or unwarranted deductions of fact. *Great Plains Trust Co.*, 313 F.3d at 312-13 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones*, 188 F.3d at 324 (citations omitted).

**III.   Analysis**

    **A.   Sheriff Gusman**

Bridges complains that the evacuation process utilized after Hurricane Katrina was not timely and was negligently performed causing him to incur a temporary skin condition. The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).

Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit*, 641 F.2d at 345; *see also Watson*, 611 F.2d at 120. Bridges does not allege that Sheriff Gusman was personally involved in the acts about which he complains or in the evacuation process itself. He has not alleged that Sheriff Gusman was personally involved transporting him through the flood waters to the Broad Street bridge. His claims against the Sheriff are in this regard based on a meritless legal theory.

Furthermore, to the extent Bridges claims that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) (concluding that "[e]ven when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d at 326. "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, the plaintiff has made no such showing of an intentional indifference by Sheriff Gusman.

Bridges has also failed to show that the temporary conditions caused by the hurricane violated his constitutional rights. In order to prove that the conditions of his confinement violated the Constitution, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib*, 138 F.3d at 215. For these reasons, a short term sanitation problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)).

Bridges has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific medical need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting from Hurricane Katrina, the largest natural disaster that the United States has experienced in its history. Bridges recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances.

Without a showing of a deliberate indifference, Bridges's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.  Having reached this conclusion under the statutory review for frivolousness, the Sheriff's Motion for Judgment on the Pleadings is rendered moot.

### B.    Orleans Parish Police Jury

Bridges has also filed suit against the "Orleans Parish Police Jury."  The Court must recognize that there exists no such entity within the local government.  Furthermore, Bridges does not set forth any factual basis for his claim against the "Police Jury."  Without a specific allegation of a constitutional violation by a named defendant, the plaintiff's claims are frivolous and otherwise fail to state a claim for which relief can be granted.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

### C.    AZSY Insurance Company and other unidentified parties

Additionally, Bridges has listed an unidentified insurance company as "the AZSY Insurance Company" and two other unidentified individuals, John and/or Joan Doe, as defendants in this action.  He does not set forth any facts related to these unidentified parties.  Bridges also has not alleged the basis for their liability to him or their connection to the circumstances surrounding the evacuation of the prison.  Therefore, his claims against these unidentified parties should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

### D.    State of Louisiana

Bridges has also named the State of Louisiana as a defendant in this action..  However, the State of Louisiana is immune from suit in federal court.

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." Therefore, the claims against the State of Louisiana should be as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

### E.     Motion for Appointment of Counsel

The Court has determined that the plaintiff's claims are subject to dismissal. For this reason, the plaintiff is not entitled to appointment of counsel and his Motion for Appointment of Counsel should be dismissed.

### IV.    Recommendation

It is therefore **RECOMMENDED** that Bridges's § 1983 claims against Sheriff Gusman, the Orleans Parish Police Jury, the AZSY Insurance Company, John and/or Joan Doe, and the State of Louisiana be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted and, as applicable, for seeking relief against an immune defendant pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Sheriff Gusman's **Motion for Judgment on the Pleadings (Rec. Doc. No. 8)** be **DISMISSED** as **MOOT**.

It is further **RECOMMENDED** that Bridges's **Motion for Appointment of Counsel (Rec. Doc. No 12)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___24th___ day of _____April_____, 2007

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**